[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MAY 15, 1998, MOTION TO COMPEL COMPLIANCE
An ongoing discovery dispute in this case raises the issue as to what documents must be produced by a defendant-doctor in a medical malpractice case who has been identified as an expert witness.
The case was initially filed in 1993. Dr. Peter G. Bloom and Hartford Hospital were named as defendants. On January 2, 1998, Dr. Bloom was formally disclosed by defendant as an expert pursuant to a December 29, 1997, Disclosure of Expert Witness.[1] He has been deposed as a fact witness.
Pursuant to a May 15, 19998 Motion to Compel Compliance, the plaintiff in this case seeks an order requiring Dr. Bloom, in his capacity as an expert witness, to turn over certain documents requested in a February 20, 1998 Notice of Deposition.[2] Dr. Bloom has refused to turn over the documents sought, asserting attorney-client privilege and attorney work-product claims. Briefs have been filed and reviewed. Oral argument was held on March 30, 1999. As of this point, this dispute is taking place in a factual vacuum, individual documents not yet having been identified on the record. For the reasons stated below, CT Page 5334 plaintiff's Motion to Compel is granted in part and denied in part.
Discussion
The heart of plaintiff's attorney-client privilege claim is that, by being disclosed as an expert, Dr. Bloom has "impliedly waived" any and all attorney-client privilege he might otherwise assert. Plaintiff cites no authority directly supporting her broad claim, but relies on Judge Schallers discussion of the "at issue" exception to the attorney-client privilege, contained inCarrier Corporation v. The Home Insurance Company, 7 CSCR 823
(July 20, 1992). In the absence of persuasive authority supporting this argument, it must be rejected. The decision inCarrier Corporation does not dictate a contrary result.
However, defendant's work-product argument is also quite broad. In essence, defendant claims that the disclosure of the items sought would run afoul of the work-product doctrine. See Practice Book Section 13-3. In the absence of persuasive authority supporting this blanket assertion, given the factual vacuum which presently exists, it too must be rejected as unduly expansive.
Notwithstanding the overly broad arguments asserted by both plaintiff and defendant, the question remains as to whether Dr. Bloom, having been disclosed as an expert, has assumed certain of the obligations normally associated with such a designation.
Section 13-4 of the Practice Book controls discovery of facts and opinions held by experts.[3] At such time as he was disclosed as an expert, Dr. Bloom's status as merely a defendant changed, and he became subject to the requirements of Section 13-4. Unless he withdraws himself as an expert, he will remain subject to those requirements. Section 13-4 contains no exemptions for experts who are also parties.
Therefore, with the caveat indicated below, in light of Section 13-4, the court rules as follows with respect to Requests for Production 1, 3, 4 and 5.
 1. Dr. Bloom is ordered to produce all medical reports, radiological studies, depositions and all other written materials upon which he relies in formulating his opinions concerning the care and treatment of Mary CT Page 5335 Cavallaro;
 2. Dr. Bloom is ordered to produce copies of any notes he generated in connection with his expert evaluation of this matter, after such time as he was disclosed as an expert.
 3. Dr. Bloom is ordered to produce copies of any medical research undertaken by him or at his request relating to this matter, after such time as he was disclosed as an expert.
 4. Dr. Bloom is ordered to produce copies of all correspondence he has received or generated in connection with this matter after such time as he was disclosed as an expert, only to the extent such correspondence relates to or provides a basis for his expert opinion in this matter.
Notwithstanding the above rejection of the broad legal arguments put forth by plaintiff, it is understood that, as the facts are developed, this ruling could engender some uncertainty by defendant as to whether certain individual items are subject to the attorney-client privilege or subject to a work-product claim. The burden of proving the elements supporting a claim of attorney-client privilege is on the party asserting it. State v.Hanna, 150 Conn. 457, 466 (1963). A party asserting a work-product claim must also establish certain prerequisites, including that the attorneys work was an essential step in the procurement of the data sought, Stanley Works v. New BritainRedevelopment Agency, 155 Conn. 86, 95 (1967). See Practice Book Section 13-3.
Therefore, with respect to any items as to which defendant continues to assert an attorney-client or work-product privilege, the Court orders as follows:
 1. The parties are ordered to discuss any disputes resulting from this order in a good faith attempt to resolve them.
 2. If disputes remain requiring further involvement by the Court, defendant shall prepare list of specific documents as to which attorney-client and/or work-product claims are being asserted. Such list shall CT Page 5336 contain (a) a general description of the document without reference to any specifics; (b) the date of such document, or the date such document was created; and (c) a concise statement of the legal basis supporting the refusal to produce the document or item, with citations to relevant authority.
 3. By no later than May 28, 1999, the parties shall jointly make a written submission to the Court reporting the status of this dispute and the intention of either party to request a further hearing. The court will then consider the appropriate course of action, including the possibility of a further or an in camera review of disputed documents.
The Court notes that in footnote 2 of his March 29, 1999, memorandum in opposition, defendant requests a stay of any ruling granting plaintiff's Motion to Compel Compliance. In light of this ruling, decision on that request is reserved until such time as the parties report to the Court by May 28, 1999, and this case can be further evaluated in the context of a more adequately developed record.
Douglas S. Lavine Judge, Superior Court